David Mara, Esq. (SBN 230498)
Jill Vecchi, Esq. (SBN 299333)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for Plaintiff CHRISTIAN BRINK
on behalf of himself, all others similarly situated, and on
behalf of the general public.

David J. Cooper, Esq. (SBN 47615)
Vanessa Franco Chavez, Esq. (SBN 266724)
Mayra Estrada, Esq. (SBN 317178)
**KLEIN DENATALE GOLDNER COOPER ROSENLIEB KIMBALL LLP**
4550 California Avenue, 2nd Floor
Bakersfield, California 93309
Telephone: 661.395.1000
Facsimile: 661.326.0418

Attorneys for Defendant CENTRAL VALLEY AUTO TRANSPORT, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| CHRISTIAN BRINK and DAVID MAIER on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL VALLEY AUTO TRANSPORT, INC.; and DOES 1-100;<br><br>Defendants. | Case No.:   19-cv-1213-AWI-SKO<br><br>**STIPULATION TO REMAND CASE TO THE TULARE COUNTY SUPERIOR COURT; [PROPOSED] ORDER**<br><br>Dept.: 7<br>Judge: Hon. Sheila K. Oberto<br><br>Complaint Filed: June 6, 2018<br>FAC Filed:   December 13, 2018<br>Trial Date:   None Set |

**TO THE HONORABLE SHEILA K. OBERTO:**

Plaintiffs CHRISTIAN BRINK and DAVID MAIER (hereinafter collectively "Plaintiffs") and Defendant CENTRAL VALLEY AUTO TRANSPORT, INC. (hereinafter "Defendant") (Plaintiffs and Defendant are referred to herein as the "Parties") by and through their respective counsel of record, stipulate and agree as follows:

**WHEREAS**, on June 6, 2018, Plaintiff Christian Brink filed this wage and hour class action in the Tulare County Superior Court;

**WHEREAS**, on December 13, 2018, Plaintiff Christian Brink filed a First Amended Complaint adding Plaintiff David Maier as a Plaintiff in this action and adding a cause of action pursuant to the Private Attorneys General Act of 2004 ("PAGA");

**WHEREAS**, on or about August 22, 2019, the Parties entered into and filed a Stipulation to allow Plaintiffs to file a proposed Second Amended Complaint in Tulare County Superior Court adding, among other things, a "Misclassification Class";

**WHEREAS**, on August 30, 2019, Defendant removed this action to this Court under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 et seq., alleging, among other things, that the majority of the newly alleged Misclassification Class are residents of states other than California;

**WHEREAS**, pursuant to the Parties' stipulation and this Court's subsequent order, on January 30, 2020, Plaintiffs filed their Second Amended Complaint;

**WHEREAS**, Defendant filed its Answer to the Second Amended Complaint on February 28, 2020;

**WHEREAS**, the Parties agreed to conduct informal discovery on the issue of federal court jurisdiction and agreed on a *Belaire West* notice to be sent to prospective Class Members;

**WHEREAS**, in determining who to send the *Belaire West* notice to, the Parties met and conferred further regarding the scope of the proposed Misclassification Class;

**WHEREAS**, during these meet and confer efforts, Plaintiffs agreed that the putative Misclassification Class is limited to individuals, as opposed to entities, who directly signed a contract

with Defendant and have driven for Defendant within the State of California, excluding those subhaulers who contracted with Defendant through a dispatch service;

**WHEREAS**, this Court's jurisdiction is based on the diversity of putative class members who fall within the definition of the proposed class, so redefining the proposed Misclassification Class and identifying who these individuals are and where they reside was critical to determining whether this Court continues to have jurisdiction under 28 U.S.C., § 1332(d);

**WHEREAS**, Defendant's investigation has revealed that, as redefined, a majority of the putative Misclassification Class Members reside inside of California;

**WHEREAS**, since the putative Misclassification Class has been redefined, the Parties do not believe that this Court continues to have diversity jurisdiction over the case under 28 U.S.C., § 1332(d).

**NOW, THEREFORE**, by and between the Parties, through their respective attorneys of record, subject to the Court's approval, that this action is remanded to the Tulare County Superior Court, Case No. VCU274266. This Stipulation is without prejudice to the rights, claims, defenses, and arguments of all parties.

**IT IS SO STIPULATED.**

Dated: May 19, 2020     **MARA LAW FIRM, PC**

By: /s/ *Jill Vecchi*
David Mara, Esq.
Jill Vecchi, Esq.
Attorneys for Plaintiffs

Dated: May 19, 2020     **KLEIN DENATALE GOLDNER COOPER ROSENLIEB KIMBALL LLP**

By: /s/ *Vanessa Franco Chavez* (authorized on 5/19/20)
Vanessa Franco Chavez, Esq.
Attorneys for Defendant

**[PROPOSED] ORDER**

Based on the foregoing stipulation of the Parties, and good cause appearing for the same, it is hereby ordered that this action is remanded back to the Tulare County Superior Court.

IT IS SO ORDERED.

Dated: May 19, 2020

_____
SENIOR DISTRICT JUDGE